## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS RIVERA, JR.,                    :
                                     :
    Petitioner,                  :
                                     :                 CIVIL ACTION NO.:
    v.                           :
                                     :                 5:13-CV-3859-CDJ
JOHN WETZEL, et al.,                 :
                                     :
    Respondents.                 :

### ORDER

    **AND NOW**, this 21st day of April, 2014, it is hereby **ORDERED** that:

**1.)**    The Report and Recommendation of the Honorable Thomas J. Rueter, United States Magistrate Judge, (Doc. No. 10), is **APPROVED AND ADOPTED**;[1]

**2.)**    Petitioner's Petition for a Writ of Habeas Corpus, (Doc. No. 1), is **DISMISSED**;

**3.)**    Petitioner's Request for Appointment of Counsel is **DENIED**; and

**4.)**    A Certificate of Appealability shall not issue.

BY THE COURT:

C. DARNELL JONES, II   J.

---

[1] When timely objections are filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report and recommendation to which objection is made. 28 U.S.C. §636(b)(1). If there are no objections to the report and recommendation or when reviewing those portions of the report and recommendation to which no objections are directed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

    Petitioner objects to the R&R insofar as it dismisses his claim pursuant to the statute of limitations, arguing that the state's failure to provide him with PCRA counsel tolled the statute of limitations pursuant to statutory and equitable tolling. He also argues that the failure to appoint counsel constitutes cause and prejudice and worked a manifest injustice. However, the Supreme Court has held that there is no right to counsel in state post-conviction relief proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991). As such, plaintiffs argument is without merit.